# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>    Decade, S.A.C., LLC, et al.<br><br><br><br>                                  Debtor. | Chapter 7<br><br>Bankruptcy Case No.: 18-11668 (JKS)<br>(Jointly Administered)<br>Adv. Proc. No. 19-50095 (JKS) |
| David W. Carickhoff, solely in his capacity<br>as chapter 7 Trustee for estates of Decade S.A.C., LLC, et al.<br>                                  Appellants,<br>    v.<br>Aaron Goodwin, Eric Goodwin and XXII Capital Limited<br>                                  Appellees<br>_____ | C.A. No. 23-201 MN<br><br>C.A. No. 23-203 MN |
| XXII Capital Limited,<br>                                  Appellant<br>    v.<br>Aaron Goodwin, Eric Goodwin and David. W. Carickoff, solely in his capacity as chapter 7 Trustee for the estates of Decade S.A.S, LLC, et al.<br>                                  Appellees<br>_____ | C.A. No. 23-209 MN |

| | |
|---|---|
| Aaron Goodwin and Eric Goodwin<br><br>                    Appellants<br><br>         v.<br><br>David W. Carickhoff<br>solely in his capacity as chapter 7 trustee for the estates of Decade, S.A.C., LLC, et al.<br><br>                    Appellee | C.A. 23-262 MN |

**RECOMMENDATION**

After review of the parties' submissions in the above-captioned matters, which included details of their various attempts to resolve these matters through the assistance of respected presently sitting and retired Bankruptcy Judges, I issued an Order for a teleconference. The teleconference occurred on March 24, 2023, the purpose of which was to explore the parties inability to agree to a briefing schedule. *See* D.I. 10 in 23-201, D.I. 10 in 23-203 and D.I. 7 in 23-209. The Order was the same in these three matters.

During the teleconference, the Trustee emphasized that there are multiple appeals and cross appeals, with the Trustee appealing the decisions of the Bankruptcy Judge in 23-201 and 23-203 while XXIII instituted an appeal in 23-203. The Trustee

2

further noted the appeals involve multiple orders and opinions, with one of the opinions being over 70 pages long, 195 plus docket entries and involving at least 150 exhibits. The denial of a trial on damages was also appealed. Judge Stickles determined that this issue could be dealt within the claims administration process.

Not surprisingly, the Goodwins have a different view. They asserted that despite the Trustee's concern for financial situation of the Estate, the Trustee has filed appeals which include over 50 multiple issues. As noted my Order, the matter of further ADR attempts is not the problem. The sole concern rests on the briefing schedule in this Court.

Both sides agree that the most recent appeal 23-262 MN should be included.

One option not addressed by either side is to allow this Court to decide an appropriate briefing schedule. In an attempt to strike a balance, I recommend that the following briefing schedule be entered:

| | |
|---|---|
| Appellants' Opening Briefs | Forty-two (42) days after entry of an Order withdrawing these matters from mandatory mediation, including 23-262 MN |
| Appellees' Briefs | Forty-two (42) days after the filing of Appellants' Briefs |
| Appellants' Reply Briefs, if any | Twenty-one (21) days thereafter |

THEREFORE, IT IS RECOMMENDED as follows:

a. These matters be removed from mandatory mediation,

b. The proposed briefing schedule be adopted.

No objections are anticipated regarding the removal of these matters from

mandatory mediation since this is consistent with the parties' request.

As to the proposed briefing schedule, counsel were advised during the teleconference of their option to object to the recommended briefing schedule. Should counsel so object, it is further recommended any objections be filed within seven (7) days of the entry of this Recommendation and limited to two (2) pages double spaced.

Dated: March 27, 2023                    /s/ Mary Pat Thynge
                                          Chief U.S. Magistrate Judge Mary Pat Thynge